UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULKIRKLAND LEGISTER,

                      Petitioner,

-against-

TIMOTHY G. PAGONES; SCOTT L. VOLKMAN; CITY OF BEACON POLICE DEPT.; ADRIAN H. ANDERSON; CITY OF BEACON; NY COURT; CITY OF POUGHKEEPSIE; D.A. OF POUGHKEEPSIE, NY,

                      Defendants.

19-CV-3676 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Petitioner, who is appearing *pro se*, filed a notice of removal seeking to remove to this Court two pending criminal cases. One case is in the City Court of Poughkeepsie, New York, *see People v. Legister*, No. CR-01795-19, and the other case is in the City Court of Beacon, New York, *see People v. Legister*, No. CR-02838-18. By order dated May 24, 2019, the Court granted Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, these actions are remanded to the City Court of Poughkeepsie and to the City Court of Beacon, respectively.

## STANDARD OF REVIEW

To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(b)(4).

**BACKGROUND**

Petitioner filed this action requesting the removal of two existing criminal cases against him that are currently pending in the City Courts of Poughkeepsie and Beacon, New York. Court records indicate that, in Beacon, Petitioner was charged with assault with the intent to cause physical injury and acting in a manner to injure a child. *See* No. CR-02838-18. In Poughkeepsie, he was charged with two counts of criminal contempt. *See* No. CR-01795-19. The basis of Petitioner's request for removal appears to be that the prosecutors have not "provided physical real factual evidence of proof a crime was ever committed by way of an injured party to show cause to claim of a crime or controversy." (Pet. at 2.) Petitioner requests that both cases be removed to this Court.

**DISCUSSION**

This notice of removal is improper with respect to both cases. First, Petitioner's notice does not comply with 28 U.S.C. § 1446(a), which requires that a defendant removing an action to federal district court is required to file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.*

Second, Petitioner does not establish that this Court has subject matter jurisdiction over this action. The burden of establishing federal jurisdiction is on the state-court defendant, and any doubts about jurisdiction should be resolved against removal. *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018) (citation omitted).

Criminal cases that may be removed to federal court include criminal prosecutions commenced in state court against a federal officer or member of the armed forces for actions taken

under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

Petitioner does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not assert any facts showing that he cannot enforce his federal civil rights in his state court criminal proceeding. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

For these reasons, the Court concludes that this notice of removal is not proper, and both actions are remanded to their respective state courts. *See* 28 U.S.C. § 1455(b)(4); *see also See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) ("If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed.").

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket.

Because removal of these actions is improper, these actions are remanded under 28 U.S.C. § 1455(4) to the City Court of Beacon, New York, and the City Court of Poughkeepsie, New York. The Clerk of Court is directed to send a copy of this order to those courts and to close this action. All pending matters are terminated.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 5, 2019
New York, New York

_____
LOUIS L. STANTON
U.S.D.J.